CURRY and others *vs.* GLASS and others.

1. A creditor, admitted as such by rule under an attachment, has a lien on the property attached, which entitles him to maintain a bill to remove the encumbrance of a conveyance, made with intent to defraud the creditors.

2. It is not necessary, in such case, that the consideration of the debt should be stated in the bill. The claim of the creditor, verified by affidavit, as required by the statute, (which appears by the bill,) is a subsisting debt for the purpose of creating the lien.

On motion to dismiss bill.

*Mr. F. H. Teese,* for the motion.

*Mr. C. Borcherling, Jr.,* contra.

THE CHANCELLOR.

This case comes before me on a motion to dismiss the bill for want of equity. No objection was made on the argument to this mode of testing the bill. Without recognizing the practice of moving to dismiss a bill for want of equity, I shall consider the question presented as if submitted on general demurrer. The complainants are the owners of two judgments recovered in 1873, against the defendant, John Glass, in the state of New York; one by them in the Supreme Court, for $1108.04; and the other, recovered by the Fifth National Bank of the city of New York, in the Supreme Court of that city, for $1607.94, and assigned to the complainants. An attachment was issued against the property of Glass, who is a non-resident, on the 30th of January, 1874, out of the Circuit Court of Essex county, under the " Act for the relief of creditors against absconding and absent debtors," which was levied on certain land in Newark, of which the bill alleges Glass is the real owner, and which it states and charges he has, since the recovery of the judgments above mentioned, conveyed away with intent to defraud the creditors.

The complainants, having filed with the clerk of the court, out of which the attachment issued, an affidavit of their debt, were admitted by rule as creditors under the attachment. The bill is filed to remove the encumbrance of the conveyance above referred to, and the sole question is, whether the complainants, as creditors admitted under the attachment, can maintain this action. That the plaintiff in attachment could do so, cannot be doubted. *Hunt* v. *Field*, 1 *Stockt.* 36 ; *Williams* v. *Michenor*, 3 *Stockt.* 520 ; *Robert* v. *Hodges*, 1 *C. E. Green* 299. The bill is expressly in aid of the attachment, and the success of the complainants in this suit would enure to the benefit of the plaintiff in the attachment and all the creditors who have come in or who may be admitted under it. The question then, is, whether a creditor, admitted as such by rule under an attachment, has a lien on the property attached. It is clear that he has. The attachment binds the property, not for the benefit of the plaintiff alone, but for his debt, and the claims of all applying creditors. The suit cannot be discontinued without the consent of those creditors. When the sale of the property is made, it is to pay their claims, as well as that of the plaintiff. If the amount realized be insufficient to pay the claims in full, then it is to be ratably apportioned among the plaintiff and the applying creditors. Said the court in *Duffin* v. *Wolf*, 1 *Zab.* 476, " The statute makes the levying of the attachment a lien for the equal benefit of all the creditors who shall apply to the court or to the auditors for that purpose. It holds the property of the defendant bound for the satisfaction of the claims of all the applying creditors." The complainants then, have a lien upon the property attached, by virtue of which they may maintain this suit.

The bill states the issuing of the attachment, and the levy under it, the oath of the complainant's agent (they are non-residents) to their debt, the filing of the affidavit, and their admission as creditors under the attachment. This statement of their debt is sufficient. It appears from the bill, it may be remarked, that their debt sworn to is the amount claimed

to be due them on their judgments. But it is not necessary that the consideration of the debt should be stated. The law recognizes the claim of the creditor after it has been verified by affidavit, as prescribed by the statute, as a subsisting debt, for the purpose of creating the lien. *Robert* v. *Hodges;* *Hunt* v. *Field, supra.*

The motion is denied, with costs.